# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| vs. | |
| LEON RODNEY WHITMAN, JR. | CASE NUMBER: 8:05-M-552 TGW |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 13, 2005, in Hillsborough County, in the Middle District of Florida, defendant did,

transport a minor with intent to engage in criminal sexual activity,

in violation of Title 18, United States Code, Section 2423(a). I further state that I am a Task Force Agent with the Federal Bureau of Investigation, Innocent Images Task Force, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Sonja K. McCaughey

Sworn to before me and subscribed in my presence,

November 17, 2005      at      Tampa, Florida

THOMAS G. WILSON
United States Magistrate Judge
Name & Title of Judicial Officer      Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sonja K. McCaughey, being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1.  I have been a sworn police officer with the Tampa Police Department (TPD) since July 28, 1996. I am currently assigned to the to the Federal Bureau of Investigation Innocent Images Task Force as a sworn Federal Task Force Agent. The Innocent Images Task Force investigates sexual exploitation of children. I have taken courses in the investigation of child exploitation cases, child pornography, and have attended specialized courses involving the use of computers. My duties and responsibilities include the investigation of federal and state criminal violations involving the sexual exploitation of children, as well as other violent crimes. I have four years experience involving crimes against children, including, but not limited to, sexual abuse, physical abuse, neglect, and child pornography. As a Task Force Agent, I am authorized to investigate violations of the laws of the United States and execute arrest and search warrants issued under the authority of the United States.

2.  This affidavit is made in support of the issuance of an arrest warrant for **Leon Rodney Whitman, Jr.**, based upon a criminal complaint regarding a violation of Title 18, United States Code, Section 2423(a). Title 18, United States Code, Section 2423(a) makes it a crime to knowingly transport an individual who has not attained the age of 18 years in interstate commerce, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

3. The statements contained in this affidavit are based on my personal knowledge or information provided to me by other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of an arrest warrant on a criminal complaint. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that Leon Rodney Whitman has committed a violation of Title 18, United States Code, Section 2423(a).

## BASIS FOR PROBABLE CAUSE

4. Leon Rodney Whitman paid for a airplane flight for a minor female, 16 years of age, to travel from Flint, Michigan to Tampa, Florida and engage in sexual intercourse with him. Specifically, on November 12, 2005, the minor traveled from Flint, Michigan, to Tampa, Florida on AirTran Flight #264. On that date, the victim's flight departed Michigan at 12:29 p.m., and arrived in Tampa, Florida at 3:07 p.m.. The ticket was issued in the victim's name and was a one way ticket paid for by Whitman. The total cost of ticket was $89.20. Your affiant has seen the customer receipt for this ticket, which also indicates the traveler is 16 years old. Whitman had previously made these one-way travel plans with the victim, via telephone. (Whitman later stated to a TPD detective he planned to drive the victim back to Flint, Michigan.)

5. On November 13, 2005 at 12:30 a.m., TPD Officer S. Alvernaz reported he saw a juvenile walking on Azeele Street in east Tampa. He stopped the juvenile and initiated a conversation with her. He asked the female her name and entered it into FCIC/NCIC data base. He learned she was a runaway/missing juvenile from the State

2

of Michigan. A Tampa Police operator confirmed the minor's status as a missing person. Officer Alvernaz took custody of the minor and Detective O.P. Parrish was called to the scene to investigate how the minor came to be in Tampa, Florida.

6. Detective Parrish and your affiant interviewed the minor female/victim who reported that she had known Whitman for approximately 2-3 years. She stated that over that three year time period they had continually maintained telephonic contact with each other.

7. The victim related that on November 12, 2005, Whitman drove to Tampa International Airport and picked her up from a flight he had paid for. Whitman then took her to a local Wal-Mart where he attempted to give her beer, which she declined. Whitman then drove her to the Wyndam Hotel, located at 4860 West Kennedy Boulevard, Tampa, Florida. When they arrived at the Wydham Hotel he introduced the victim to individuals they came in contact with as his niece. Whitman and the victim went to room 1136, where Whitman offered the victim $600.00 to take photographs of her. Whitman took photographs of her face at that time. Shortly after he took the face shots, Whitman left the room, but returned and asked the victim for sex. Whitman and the victim engaged in oral sex (mouth to vagina), and vaginal sexual intercourse. After the sexual encounter, the victim went for a walk and was stopped by Tampa Police Officer S. Alvernaz.

8. According to the victim, the sexual encounter in Tampa was not the first sexual encounter she had with Whitman. The victim stated that on October 28, 2005, she had met Whitman at a hotel in Flint, Michigan, where Whitman offered to take

3

photographs of her to build a portfolio for her to become a model. Whitman provided the victim with an outfit he purchased and took photographs of her vagina and anus. Whitman also restrained her arms and legs with chains and blindfolded her. The victim stated she saw that he was not wearing any clothes when he blindfolded her. When the blindfold was on she told him to take it off, because it was "freaking her out", and she was going to start screaming. He removed the blindfold and the restraints. The victim stated that on this date, she had a sexual encounter with Whitman, which he videotaped. On this date the victim stated that she and Whitman engaged in oral sex (mouth to penis; mouth to vagina) and vaginal sexual intercourse. The victim stated that Whitman paid her $200.00 for this "photo session."

9. The victim stated that Whitman had showed her pictures of herself on his laptop computer. The minor also stated she saw photographs of other young girls on his laptop engaged in sexual activity.

10. Your affiant learned through investigation that on November 12, 2005, Whitman rented a 4 door Pontiac, from Enterprise Car Rental in Tampa, Florida. The vehicle was to be returned to Enterprise on November 13, 2005.

11. According to the victim's mother and NCIC records, on November 12, 2005, the minor female was reported as a missing juvenile person.

12. On November 13, 2005, TPD Detective Parrish went to room #1136 at the Wyndam hotel in an attempt to locate Whitman. Whitman was advised of his rights and signed a waiver of Miranda form. Whitman admitted that he had arranged and paid to have the minor victim fly to Tampa from Michigan but stated that it was her idea. He also admitted that he had engaged in sexual acts with her in Michigan and Tampa, but

4

said that she had been the one that initiated the sex. He also admitted to having sex with her in Michigan and taking photographs of her on his digital camera while she engaged in sexual activity. He also stated that he had downloaded those pictures onto his laptop computer but did not put them on the Internet. Detective Parrish asked Whitman if he could view the pictures on the camera. Whitman agreed that he could, if he (Whitman), was present viewing them with Detective Parrish. Detective Parrish and Whitman viewed the photographs on the camera together. Detective Parrish observed numerous photographs of the victim. One such picture described to your affiant by Detective Parrish depicted the victim lying on a bed, with her legs spread apart, exposing her vagina. In the pictures she was wearing various articles of black lingerie. Another picture described to your affiant by Detective Parrish depicted the victim lying bent over a bed with her buttocks spread, exposing her anus.

13. On November 13, 2005, Leon Rodney Whitman, Jr. was arrested by Detective Parrish on numerous State charges including unlawful sex with a minor, interference with custody, possession of child pornography and sexual performance by a child.

14. Based upon the foregoing, your Affiant respectfully requests that this Court issue a federal arrest warrant for **Leon Rodney Whitman, Jr.**, white male, date of birth 06/04/1958, for violating Title 18, United States Code, Section Title, Section 2423(a), which makes it a crime to knowingly transport, an individual who has not attained the age of 18 years in interstate commerce, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged

5

with a criminal offense.

FURTHER YOUR AFFIANT SAYETH NOT

Sonja K. McCaughey
Task Force Agent Innocent Images
Federal Bureau of Investigations

Subscribed and sworn
before me this 17th November, 2005

THOMAS G. WILSON
United States Magistrate Judge